UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE DANIELS,<br><br>           Plaintiff,<br><br>v.<br><br>KUZIL RUAN, *et al.*,<br><br>           Defendants. | Civil No. 05-CV-922-L(NLS)<br><br>**ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S DECISION** |

On April 29, 2005, Bobby Joe Daniels ("plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff has requested appointment of counsel on a number of occasions.[1] On October 10, 2006, plaintiff filed an objection to the magistrate judge's latest order that denied him appointment of counsel. Having carefully considered plaintiff's arguments, the record in this case, and the magistrate judge's Order, the Court affirms the decisions of the magistrate judge and overrules plaintiff's objections for the reasons set forth below.

**1.    Standard of Review**

A party may object to a non-dispositive pretrial order of a magistrate judge within ten

---

[1] Plaintiff filed motions for appointment of counsel on June 29, 2005 [doc. #9]; July 22, 2005 [doc. #17]; March 1, 2006 [doc. #63]; September 13, 2006 [doc. #85]; and a motion for reconsideration of the denial of his motion for appointment of counsel on September 14, 2005 [doc. #34];

days after service of the order. FED. R. CIV. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*;  28 U.S.C. § 636(b)(1)(A); *Computer Economics, Inc., v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error);  *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters reviewable for clear error under Rule 72(a)).  Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  Issues related to appointment of counsel order are deemed nondispositive, and thus the magistrate judge's determination of such matters is entitled to deference unless it is clearly erroneous or contrary to law. 28 U.S.C.A. § 636(b)(1)(A);  FED. R. CIV. P. 72(a)

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge.  *See, e.g., Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) (Brewster, J.) ("Section 636(b)(1) ... has been interpreted to provide for *de novo* review by the district court on issues of law.");   12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 3069 at 350 & 355 (2d ed. 1997).  Accordingly, the district court exercises its independent judgment with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994).

**2.     Discussion**

Plaintiff contends the magistrate judge is biased toward him because she has denied his requests for appointment of counsel.  Plaintiff contends that the magistrate judge's orders are a "smoke screen to hide the fact she is bias against pro se litigants who have a colorable claim." (Objection at 4).  Having reviewed all the orders entered by the magistrate judge, there is

nothing suggesting bias on the part of the magistrate judge. Rather, the magistrate judge has clearly set forth the legal standard and has explained why plaintiff is not entitled to appointment of counsel under the law.

The Constitution provides no right to appointment of counsel in civil cases unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989). However, district courts have discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. §1915(d). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). But an appointment of counsel may be designated under 28 U.S.C. §1915(d) only in "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This rule is derived from *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), "which held that 'the privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances.' *Weller* was extended, without comment, to 'appointment of counsel' in *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965)." *Wilborn*, 789 F.2d at 1331 (quoting *Weller*, 134 F.2d at 600) (alteration in original). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Cook*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331.

As the magistrate judge has noted repeatedly, plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Moreover, plaintiff has not shown that he is unable to litigate his case and instead has actively litigated the action since its inception.

Because the magistrate judge reviewed plaintiff's request, the applicable law, and the relevant facts as presented by plaintiff, the Court finds no error on the part of the magistrate judge in denying plaintiff's motion for appointment of counsel. Accordingly, because the magistrate judge's decision was neither clearly erroneous nor contrary to law, plaintiff's

1 | objection must be overruled.

2 | Based on the foregoing, **IT IS ORDERED** overruling plaintiff's objection to the magistrate judge's Order denying plaintiff's motion for appointment of counsel.

**IT IS SO ORDERED.**

DATED:  November 6, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL