UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOBBY JOE DANIELS, | ) | Civil No. 05cv922-L (NLS) |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE RE:** |
| v. | ) | **DEFENDANTS' MOTION TO DISMISS** |
| | ) | **PLAINTIFF'S AMENDED** |
| KUZIL RUAN, et al., | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | [Doc. No. 92] |
| | ) | |

Plaintiff Bobby Joe Daniels, proceeding *pro se*, has filed an amended complaint pursuant to 42 U.S.C. §§ 1983 and 1985, in which he alleges that various officials at Calipatria State Prison violated his due process rights, his right to freedom of speech, and his right to be free from cruel and unusual punishment [Doc. No. 87].  Before the Court is Defendants' Motion to Dismiss the amended complaint [Doc. No. 92], Plaintiff's Opposition thereto [Doc. No. 96], and Defendants' Reply [Doc. No. 97]. Defendants argue that Plaintiff's due process, First amendment, and Eighth Amendment claims should be dismissed for failure to state a claim.  For the reasons outlined below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss [Doc. No. 92] be **GRANTED**.

### BACKGROUND

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the amended complaint and must also construe the amended complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiffs.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

1    Plaintiff is an inmate committed to the custody of the California Department of Corrections, and

2    is currently housed at the Kern County Sheriff's Facility in Bakersfield, California.  Plaintiff's amended

3    complaint includes various claims of constitutional violations by Defendants, all of which are related to

4    an incident that occurred at Calipatria State Prison on August 17, 2003.  On that date, prison officials

5    transferred Plaintiff to administrative segregation because of his suspected involvement in the stabbing

6    of another inmate.  (*Plaintiff's Amended Complaint ("Complaint")* ¶ 2.)  On September 18, 2003, a

7    disciplinary hearing took place, Plaintiff was found guilty of possession of an inmate manufactured

8    weapon, and he was assessed a fifteenth month term in a segregated housing unit.  (*Id*. ¶¶ 11, 19.)

9    In Plaintiff's original complaint [Doc. No. 1], he alleged five separate claims of constitutional

10   violations by Defendants, all of which related to the August 17, 2003 incident at Calipatria State Prison

11   and subsequent disciplinary proceedings.  Defendants filed a Rule 12(c) motion for judgment on the

12   pleadings [Doc. No. 35], which the District Court granted subsequent to adopting a Report and

13   Recommendation of this Court in its entirety [Doc. Nos. 61 & 69].  Plaintiff was granted leave to amend

14   his complaint in various respects, and he filed an amended complaint, which is now the operative

15   complaint in this proceeding [Doc. No. 87].  Plaintiff has requested that all exhibits attached to his

16   original complaint be removed and duly attached to his amended complaint, pursuant to Local Civil

17   Rule 15.1, which governs the filing of amended pleadings.[1]  (*Complaint* ¶ 12.)  The Court notes this

18   request, and in accordance with Local Rule 15.1, incorporates all exhibits attached to Plaintiff's original

19   complaint by reference into his amended complaint.

20   In his amended complaint, Plaintiff re-alleges several of his former claims, and has added new

21   claims.  Plaintiff first claims that prison guards used "unreasonable" force while detaining him on

22   August 17, 2003 immediately subsequent to the stabbing incident.  (*Complaint* ¶¶ 4, 7.)  Plaintiff was

23   pepper sprayed, temporarily blinding him and causing him to become disoriented and panicked.  (*Id*. ¶

24   4.)  The Court interprets this to be an Eighth amendment excessive force claim.  Plaintiff's second claim

25   is that he was denied an impartial administrative hearing in violation of due process because prison staff

26   purposely deleted evidence favorable to Plaintiff from the record of the stabbing incident.  (*Id*. ¶¶ 13-

27

28    [1] Local Civil Rule 15.1 states in pertinent part: "Permission may be obtained from the court, if desired, for the removal of any exhibit or exhibits attached to prior pleadings, in order that the same may be attached to the amended pleading."

14.)  Plaintiff's third claim is that prison officials failed to provide him with adequate notice of the charges against him in violation of due process, alleging that he was charged initially with battery on an inmate with a weapon, but Defendants changed the charge without notice during his hearing to possession of an inmate-manufactured weapon.  (*Id*. ¶ 15.)  Plaintiff alleged both due process claims in his original complaint, however the Court dismissed his claim based on inadequate notice without leave to amend.  (*See January 27, 2006 Report and Recommendation by Magistrate Judge Nita L. Stormes*, 12; *see March 9, 2006 Order by District Judge M. J. Lorenz adopting the Report & Recommendation in Its Entirety*.)  Plaintiff's fourth claim is that Defendants transferred him on January 22, 2004 from Calipatria State Prison to a segregated housing unit at Tehachapi in retaliation for presenting the warden with exculpatory evidence, exercising his constitutional rights, using the prison administrative appeals process, for exposing dishonesty of the prison staff, and for refusing to act as an informant. (*Id*. ¶¶ 8, 21-23.)

Finally, Plaintiff alleges that prison officials violated his Eighth amendment rights by denying him medical treatment and being deliberately indifferent to his medical needs.  (*Complaint*, 116, ll.16-26.)  Plaintiff claims that prison officials subjected him to sensory deprivation and mental anguish, resulting in hypertension, stress, and high blood pressure while housed in administrative segregation. (*Id*.)  Plaintiff also alleges that his transfer to a segregated housing unit at Tehachapi placed him in danger because one of his enemies was housed there as well.  (*Id*. at 38, ll.14-21.)  The Court interprets this last allegation to be an Eighth amendment failure to protect claim.

<u>**DISCUSSION**</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  *See* Fed. R. Civ. P. 12(b)(6).  The issue is not whether the plaintiff will ultimately prevail, but solely whether he has stated a claim upon which relief could be granted.  *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).  When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Thompson*, 295 F.3d at 895; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  This rule of liberal construction is particularly important in civil rights cases.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a *pro se* civil rights complaint, however, the court is not permitted to

1 "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ.*

2 *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Generally, to state a claim under 42 U.S.C. § 1983, a

3 plaintiff must allege two essential elements: (1) the deprivation of a right secured by the Constitution or

4 laws of the United States, and (2) that the alleged deprivation was committed by a person acting under

5 the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

6       **1.**    **Section 1985 Claim**

7       The Court notes that in the first paragraph of his amended complaint, Plaintiff alleges that his

8 civil rights claims arise under 42 U.S.C. § 1985 as well as Section 1983.[2] However, Section 1985 "is

9 not to be construed as a general federal tort law." *Gerritssen v. Madrid Hurtado*, 819 F.2d 1511,

10 1518-19 (9th Cir. 1987). To state a cause of action under Section 1985, Plaintiff's amended complaint

11 must allege: "(1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the

12 laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in

13 furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or

14 privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see*

15 *also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529,

16 1536 (9th Cir. 1992). "[T]he language requiring intent to deprive equal protection . . . means that there

17 must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

18 conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

19       Plaintiff's amended complaint is devoid of any allegations that Defendants conspired to deprive

20 Plaintiff of equal protection under the law, nor does Plaintiff make any reference in his amended

21 complaint to racially-motivated or otherwise class-based discrimination by Defendants. Accordingly,

22 the Court **RECOMMENDS** that the District Court *sua sponte* **DISMISS** Plaintiff's Section 1985 claim

23 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which any

24 relief can be granted.[3]

25

26       [2] Defendants do not address this issue in their motion.

27       [3] Section 1915(e)(2)(B)(ii) states in pertinent part: "[T]he court shall dismiss the case at any time if the court

28 determines that the action or appeal fails to state a claim on which relief may be granted." Section 1915A(b)(1) states: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted."

4

1    **2.**    **Due Process Claims**

2    *a.    Inadequate Notice Claim*

3    The Court previously dismissed Plaintiff's due process claim based on inadequate notice without

4    leave to amend.  (*See January 27, 2006 Report and Recommendation by Magistrate Judge Nita L.*

5    *Stormes*, 12; *see March 9, 2006 Order by District Judge M. J. Lorenz adopting the Report &*

6    *Recommendation in Its Entirety*.)  Accordingly, pursuant to the District Court's March 9, 2006 Order

7    [Doc. No. 69], Plaintiff is not granted leave to file this claim.

8    *b.    Unfair Administrative Hearing*

9    Plaintiff also alleges a due process violation based on his denial of an impartial administrative

10   hearing by prison officials who deleted favorable evidence in the record of his disciplinary proceedings

11   and acted otherwise fraudulently and deceptively.  (*Complaint* ¶¶ 13-14.)  Defendants contend that

12   Plaintiff's claim is barred by *Edwards v. Balisok*, 520 U.S. 641 (1997).  In *Edwards*, the Court held that

13   a plaintiff's claim that his due process rights were violated in a disciplinary hearing is not cognizable if

14   "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the

15   judgment."  *Id.* at 645.  The heart of *Edwards*, and the case upon which it is based, *Heck v. Humphrey*,

16   512 U.S. 641 (1994), is that a prisoner may not use a Section 1983 suit to attack the fact of his or her

17   incarceration or the length of it unless the prisoner first gets that conviction or incarceration set aside by

18   another means - most usually, state or federal habeas proceedings.  *Edwards*, 520 U.S. at 643, 648;

19   *Heck*, 512 U.S. at 643.

20   In order for the favorable termination rule of *Heck* and *Edwards* to apply to a Section 1983 suit

21   challenging a disciplinary hearing or administrative sanction, the suit must allege constitutional

22   violations that impact the overall length of the prisoner's confinement:  "Where the prison's alleged

23   constitutional error does not increase the prisoner's total period of confinement, a successful Section

24   1983 action would not necessarily result in an earlier release from incarceration, and hence, does not

25   intrude upon the 'heart' of habeas jurisdiction."  *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003).

26   In this case, Plaintiff's disciplinary hearing and subsequent guilty finding of possession of an inmate-

27   manufactured weapon clearly resulted in Plaintiff being assessed 360 days forfeiture of credit.  (*See*

28   *Exhibits attached to Plaintiff's original Complaint, incorporated herein pursuant to LR 15.1*, Ex. "E," 3;

1   Ex. "G," 2.)  According to the Supreme Court in *Edwards*, a claim such as Plaintiff's that alleges "deceit

2   and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment

3   imposed, is not cognizable under § 1983." *Edwards*, 520 U.S. at 643, 648.  Thus, Plaintiff's due process

4   claim appears to be precluded under *Heck* and *Edwards*.

5          If the District Court were to determine that Plaintiff's claim is not barred by *Heck v. Humphrey*,

6   512 U.S. 641 (1994), Plaintiff's complaint still must state a cognizable due process claim in order to

7   survive Defendants' motion to dismiss.  To state a claim for violation of procedural due process, a

8   plaintiff must allege facts sufficient to show:  (1) that a life, liberty or property interest exists and has

9   been subject to interference by the state; and (2) that the procedures attendant upon the deprivation of an

10  existing interest were constitutionally insufficient.  *See Kentucky Dep't of Corrections v. Thompson*, 490

11  U.S. 454, 460 (1989).  The Constitution itself does not confer on prisoners a liberty interest in avoiding

12  "more adverse conditions of confinement," such as being placed in administrative segregation for a

13  period of time or transferred to a different facility.  *Id.*; *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th

14  Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state

15  may change his place of confinement even though the degree of confinement may be different and

16  prison life may be more disagreeable in one institution than in another.") (citation omitted).  In general,

17  an inmate has no right to be assigned to any particular institution or to a particular classification.  *See*

18  *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).  Nor

19  can an inmate claim the right to be free from administrative segregation or to be housed with the general

20  prison population.  *See Sandin* v. *Conner*, 515 U.S. 472, 474 (1995); *Grayson v. Rison*, 945 F.2d 1064,

21  1067 (9th Cir. 1991).  However, a prisoner may have a liberty interest pursuant to state law.  *See Sandin*,

22  515 U.S. at 481-84.  Under state law, the existence of a liberty interest created by prison regulations is

23  determined by focusing on the nature of the deprivation.  *See id.*  Such interests are limited to freedom

24  from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary

25  incidents of prison life."  *Id.* at 484. In *Sandin*, the Supreme Court concluded that a prisoner had no

26  liberty interest against a 30-day assignment to segregated confinement because the assignment did not

27  "present a dramatic departure from the basic conditions of [the inmate's] sentence."  In contrast, in

28  *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Court held that indefinite placement of an inmate in a

1  Supermax prison imposed an atypical and significant hardship on inmates in relation to the ordinary

2  incidents of prison life because it prohibited almost all human contact, required constant lighting,

3  allowed exercise for only one hour per day, was an indefinite placement, and disqualified an otherwise

4  eligible inmate from parole.

5          Here, Plaintiff's fifteen month placement in administrative segregation makes his case more

6  similar to the facts of *Sandin* than *Wilkinson*.  In addition, the Ninth Circuit has held that there is no

7  single standard for determining whether a prison hardship is atypical and significant, and the "condition

8  or combination of conditions or factors ... requires case by case, fact by fact consideration." *Ramirez*,

9  334 F.3d at 861 (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)).  Unlike the *Wilkinson* case,

10 Plaintiff has failed to make any allegations in his amended complaint that the conditions of confinement

11 in administrative segregation have imposed an "atypical and significant hardship" on him. *See Sandin*,

12 515 U.S. at 484.  Thus, Plaintiff has failed to allege facts sufficient to show that he has a protected liberty

13 interest in not being held in administrative segregation, and has failed to demonstrate any facts that

14 would support a claim that his administrative segregation has imposed some "atypical and significant

15 hardship on [him] in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484; *Keenan*,

16 83 F.3d at 1088.

17         Moreover, even if Plaintiff's protected liberty interest were presumed, he has failed to allege

18 facts sufficient to satisfy the second factor required for a due process violation, that the minimum

19 requirements of procedural due process appropriate for the circumstances were not met.  The Ninth

20 Circuit has determined that due process, in the administrative context, merely requires that prison

21 officials provide an inmate with "some notice of the charges against him and an opportunity to present

22 [the inmate's] views to the prison official charged with deciding whether to transfer [the inmate] to

23 administrative segregation." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) citing *Toussaint v.

24 McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986).  The Court previously found that Plaintiff received

25 adequate notice of the charges against him, and Plaintiff fails to allege any facts that would support a

26 claim that prison officials denied him the opportunity to present his views at his disciplinary hearing.

27 (*See January 27, 2006 Report and Recommendation by Magistrate Judge Nita L. Stormes*, 12; *see

28 March 9, 2006 Order by District Judge M. J. Lorenz adopting the Report & Recommendation in Its*

1  *Entirety*.)

2       Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT**

3  Defendants' motion to the extent it seeks dismissal of Plaintiff's claim that prison officials violated his

4  right to due process by denying him a fair and impartial disciplinary hearing.

5       **3.   First Amendment Retaliation Claim**

6       Plaintiff alleges that Defendants transferred Plaintiff from Calipatria State Prison to a segregated

7  housing unit at Tehachapi prison in retaliation for presenting the warden with exculpatory evidence,

8  exercising his constitutional rights and using the prison administrative appeals process, for exposing

9  dishonesty of the prison staff, and for refusing to act as a jailhouse informant.  (*Complaint*. ¶¶ 8, 21-23.)

10  Defendants argue that Plaintiff has not alleged that their actions actually chilled his First amendment

11  rights, since he has proceeded successfully with his administrative grievances and this lawsuit, and that

12  Plaintiff fails to allege that his placement in administrative segregation did not further a legitimate

13  penological interest.  (*Defendant's Memorandum*, 7.)

14       Prisoners have a fundamental right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821

15  (1977).  A prisoner's pursuit of legal actions is protected by the First Amendment.  *Rizzo v. Dawson*,

16  778 F.2d 527, 531 (9th Cir. 1985).  "Within the prison context, a viable claim of First Amendment

17  retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against

18  an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

19  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

20  legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

21       Plaintiff's allegations that Defendants placed him in administrative segregation "because

22  Plaintiff did not snitch or become a rat," and that "Defendants intent was to silence the Plaintiff for

23  exercising his rights to be heard" certainly imply that they took retaliatory actions against him, however

24  Plaintiff also states in his amended complaint that he was transferred to administrative segregation based

25  on the fact that he was found guilty, after a series of disciplinary proceedings, of possession of an inmate

26  manufactured weapon.  (*Complaint* ¶¶ 8, 21.)  Such a decision is a legitimate correctional goal.  *See*

27  *Toussaint*, 801 F.2d at 1101.  In addition, Plaintiff fails to allege facts sufficient to satisfy the fourth

28  prong of a retaliation claim, that Defendants' actions had a chilling effect on the exercise of his First

1   amendment rights.  Plaintiff makes vague statements in his amended complaint referring to his

2   "retaliatory transfer to Tehapchapi SHU" and alleges that "Defendants at Calipatria State Prison have a

3   history at violating prisoners' rights. Not addressing staff complaints. Defendants impede on Plaintiff's

4   appeal rights where evidence was suppressed...Defendants are corrupt at Calipatria State Prison.

5   Plaintiff exercise his rights to be heard to the Director of Correction Appeal Examiner...who embraced

6   Defendants retaliatory transfer to Tehapchapi SHU..." (*Id*. at 23, ll.2-25.)  These allegations do not

7   comprise the basis for a cognizable retaliation claim.  Plaintiff has not demonstrated that Defendants'

8   actions impeded or in anyway adversely impacted his access to and use of the prison's administrative

9   grievance procedure, or his ability to file and pursue the current litigation.

10        Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT**

11   Defendants' motion to the extent it seeks dismissal of Plaintiff's First amendment retaliation claim.

12        **4.    Eighth Amendment Claims**

13            ***a.    Deliberate Indifference to Medical Needs***

14        Plaintiff's first Eighth amendment claim states that Defendants were deliberately indifferent to

15   his medical needs, punishing him by refusing to administer medical treatment to him.  (*Complaint*, 116,

16   ll.16-26.)  Defendants argue that Plaintiff's allegations do not rise to the level of an Eighth amendment

17   violation because he has failed to set forth with particularity how each Defendant's action caused the

18   conditions of which he complains.  (*Defendant's Memorandum*, 8.)  Defendants also point out that

19   Plaintiff, while making broad generalizations in his amended complaint, fails to allege that each

20   Defendant knew of and disregarded an excessive risk to his health and safety when refusing his medical

21   treatment and therefore cannot state a proper claim for deliberate indifference to his medical needs.  (*Id*.

22   at 9.)

23        Generally, prison conditions do not violate the Eighth Amendment unless they amount to the

24   "unquestioned and serious deprivation of basic human needs."  *Rhodes v. Chapman*, 452 U.S. 337, 347

25   (1981); *see also Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).  To assert an Eighth Amendment claim

26   for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill

27   two requirements: one objective and one subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

28   *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).  Under the objective requirement, a prisoner must

allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *see also Farmer*, 511 U.S. at 832 *and Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). Under the subjective requirement, a prisoner must allege facts showing the defendant acted with "deliberate indifference." *Wilson*, 501 U.S. at 303; *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety;" and "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302-303.

In addition, causation is a required element of a Section 1983 claim. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). If there is no affirmative causal link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. *Rizzo*, 423 U.S. at 370-371.

Plaintiff's amended complaint includes a list of medical conditions from which he has suffered while in segregated housing, along with conclusory allegations that these conditions resulted from Defendants' deliberate indifference to his medical needs. (*Complaint*, 116, ll.16-26.) However, as Defendants contend, Plaintiff's broad allegations are not sufficient to state a claim for a violation of the Eighth Amendment. Plaintiff's list of medical problems, coupled with his bare allegation of deliberate indifference, are not sufficient to show that Defendants' acts or omissions deprived him of the "minimal civilized measure of life's necessities" subsequent to being placed in segregated housing. *See Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. Thus, Plaintiff has failed to satisfy the objective component of an Eighth amendment claim. Plaintiff also fails to present any facts in his amended complaint that would satisfy the subjective component of an Eighth amendment claim. He accuses Defendants of being

10

1  deliberately indifferent to his medical needs, but offers no specific allegations that would show

2  Defendants knew of and disregarded an excessive risk to his health and safety.

3        Plaintiff's claim is also deficient because he has not alleged a causal link between the deliberate

4  indifference and the claimed deprivations.  In order to prevail on an Eighth Amendment claim such as

5  this, an inmate must prove:  (1) that the specific prison official, in acting or failing to act, was

6  deliberately indifferent to the mandates of the Eighth Amendment; and (2) that the specific prison

7  official's indifference was the actual and proximate cause of a deprivation of the inmate's Eight

8  Amendment right to be free from cruel and unusual punishment.  *Leer*, 844 F.2d at 634.  Here,

9  Plaintiff's amended complaint includes only one relevant allegation: "Denial of a medical that

10  Defendants and the Department of Correction utilized punishment through medical refusing treatment.

11  Deliberate indifference to Plaintiff's medical needs."  (*Complaint*, 116, ll.16-21.)  Since "[t]he inquiry

12  into causation must be individualized and focus on the duties and responsibilities of each individual

13  defendant whose acts and omissions are alleged to have caused a constitutional deprivation," a

14  "[s]weeping conclusory allegation" is not enough.  *Id.* at 633.  There are no factual allegations from

15  which it could be inferred that each or any of the named defendants were the cause of a constitutional

16  deprivation.

17        Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT**

18  Defendants' motion to the extent it seeks dismissal of Plaintiff's Eighth Amendment claim that prison

19  officials were deliberately indifferent to his medical needs.

20                    *b.*    ***Excessive Force***

21        Plaintiff also claims that, in the course of detaining him on August 17, 2003 during the stabbing

22  incident, prison guards used "unreasonable" force.  (*Complaint* ¶¶ 4, 7.)  Plaintiff was pepper sprayed by

23  a prison guard Plaintiff refers to as "correctional staff Duarte," temporarily blinding him and causing

24  him to become disoriented and panicked.  (*Id.* ¶ 4.)  The Court interprets this to be an Eighth amendment

25  excessive force claim.  Defendants do not address this claim in their motion.

26        The Court notes that "correctional staff Duarte," the particular prison guard whom Plaintiff

27

28

1  alleges to have used unreasonable force against him, is not a party to this litigation.[4]  He has not been

2  named as a Defendant nor has he been served.  For this reason alone, the Court recommends that the

3  District Court dismiss this claim.  If the District Court were to determine that this is not a valid ground

4  for dismissal, however, Plaintiff's complaint still must state a cognizable excessive force claim in order

5  to survive Defendants' motion to dismiss.

6          When a prison official authorizes the use of excessive force against a prisoner, that official

7  violates the prisoner's Eighth Amendment right to be free of cruel and unusual punishment.  *Clement v.*

8  *Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  Force does not amount to a constitutional violation if it is

9  "applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the

10 very purpose of causing harm.' "  *Id*. (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21(1986)).  The

11 Ninth Circuit has held that spraying prisoners with pepper spray for refusing to follow directions, or to

12 ensure safety of other inmates when disruptive behavior occurs, falls within the wide-ranging zone of

13 deference accorded to prison officials in shaping "prophylactic or preventive measures intended to

14 reduce the incidence of . . . breaches of prison discipline."  *Stewart v. Stewart*, 60 Fed.Appx. 20, 22 (9th

15 Cir. 2003) citing *Whitley v. Albers*, 475 U.S. 312, 322 (1986).  Thus, to survive Defendants' motion for

16 dismissal of this claim, Plaintiff must allege facts sufficient to show that the prison staff possessed

17 malicious intent when using force against him.  Plaintiff's complaint fails to meet this requirement.

18 Plaintiff claims that the use of pepper spray on him violated his rights because "there was no reason for

19 this unnecessary show of force."  This type of conclusory allegation is insufficient to support a claim for

20 excessive force.

21          Based on the foregoing, the Court **RECOMMENDS** that the District Court *sua sponte*

22 **DISMISS** Plaintiff's Eighth amendment excessive force claim pursuant to 28 U.S.C. §§

23 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which any relief can be granted.

24                      ***c.       Failure to Protect***

25          Plaintiff alleges that his transfer to a segregated housing unit at Tehachapi placed him in danger

26 because one of his enemies was housed there as well.  (*Id*. at 38, ll.14-21.)  The Court interprets this to

27 be an Eighth amendment failure to protect claim.  Defendants do not address this claim in their motion.

28

---

[4] The five named Defendants include Kuzil Ruan, T. Ochoa, M. Bournland, R. Madden, and Rick Manuel.

05cv922-L(NLS)

The Supreme Court has held that the Eighth amendment imposes various duties on prison officials, including a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(citations omitted). This includes a duty "to protect prisoners from violence at the hands of other prisoners." *Id*. at 833, citing *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). For a claim based on failure to protect, the inmate-plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were conscious of the risk. *Id*. citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Even if a plaintiff can state sufficient facts to allege that prison officials actually knew of a substantial risk to his health or safety, the defendants may be found free from liability if they responded reasonably to the risk, regardless of whether the harm ultimately was not averted. *Id*. at 844. The allegations contained in Plaintiff's complaint do not satisfy these requirements. Plaintiff makes a vague statement that seems to indicate his transfer to the Tehachapi segregated housing unit put his safety at risk by placing him in close proximity to an "enemy" also housed at Tehachapi. (*Complaint*, 38, ll.16-21.) This is insufficient to state a cognizable claim for failure to protect under the Eighth amendment. Plaintiff states no facts to demonstrate that prison officials were aware that he had an enemy or enemies at Tehachapi, or that transferring him there would place him in any danger.

Based on the foregoing, the Court **RECOMMENDS** that the District Court *sua sponte* **DISMISS** Plaintiff's Eighth amendment failure to protect claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which any relief can be granted.

**5.     Defendant's Motion for More Definite Statement**

Defendants argue that Plaintiff's amended complaint should be dismissed and a more definite statement required pursuant to Rule 8(a)(2). (*Defendant's Memorandum*, 9.) Defendants' state that "[t]he amended complaint is a long, stream of conscience narrative which is extremely difficult to read and otherwise follow." (*Id*. at 10.) Defendants request that in the event Plaintiff is granted leave to file a second amended complaint, that the Court order Plaintiff to re-plead his claims in "short and plain terms, simply, concisely, and directly." (*Id*.)

Federal Rule of Civil Procedure 12(e) provides in pertinent part, if a pleading "to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

1  frame a responsive pleading, the party may move for a more definite statement before interposing a

2  responsive pleading.  The motion shall point out the defects complained of and the details desired. "

3  Motions for a more definite statement are disfavored, but are within the Court's discretion and may

4  sometimes be appropriate.  *Osborne v. County of Riverside*, 385 F.Supp.2d 1048, 1052 (C.D.Cal. 2005).

5  "[P]roper pleading under Rule 8 requires a pleading to contain allegations of each element of the claim.

6  If it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule

7  12(b)(6), a more definite statement is appropriate."  2 Moore's Federal Practice, § 12.36[1] (Matthew

8  Bender 3d ed.).

9  　　　　Here, Defendants seem to be requesting that the Court order Plaintiff to make a more definite

10  statement of his claims when and if he files a second amended complaint.  However, a motion for a

11  more definite statement cannot be used preemptively in this manner.  *See* Fed. R. Civ. P. 12(e).  Thus, to

12  the extent that Defendants' are moving for Plaintiff's second amended complaint to contain a more

13  definite statement of his claims, the motion is premature.  To the extent that Defendants' may be moving

14  for a more definite statement with respect to Plaintiff's current amended complaint, the Court

15  **RECOMMENDS** that the District Court **DENY** the motion as **MOOT** in the event that the District

16  Court adopts the undersigned's recommendation that Defendants' motion to dismiss be granted.

17  　　　　**6.　　Leave to Amend the Complaint**

18  　　　　Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely

19  given when justice so requires."  Fed. R. Civ. P. 15(a).  "A *pro se* litigant must be given leave to amend

20  his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be

21  cured by amendment.'"  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir.

22  1988), quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) and *Broughton v. Cutter*

23  *Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980).  "[B]efore dismissing a *pro se* civil rights complaint

24  for failure to state a claim, the district court must give the plaintiff a statement of the complaint's

25  deficiencies."  *Karim-Panahi*, 839 F.2d at 624, citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.

26  1987); *Noll*, 809 F.2d at 1448-49.

27  　　　　In this case, Plaintiff has been advised previously of the deficiencies in his complaint, and he has

28  had an opportunity to amend with respect to his due process unfair administrative hearing claim and his

Eighth amendment deliberate indifference to medical needs claim.  However, Plaintiff has not been

advised previously regarding the deficiencies in his complaint with respect to his First amendment

retaliation claim and his Eighth amendment failure to protect claim.  It is possible that Plaintiff could

add sufficient facts to his complaint and/or attach the appropriate documentation necessary to state

cognizable civil rights claims for retaliation and failure to protect.  Therefore, the Court

**RECOMMENDS** that the District Court **GRANT** Plaintiff leave to amend his complaint with respect to

these two claims <u>only</u>.  The Court further **RECOMMENDS** that the District Court order Plaintiff, in the

event he chooses to file a second amended complaint, to comply strictly with the requirements of

Federal Rule of Civil Procedure 8, which states in pertinent part:

> "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a **short and plain statement** of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a **short and plain statement** of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded."

(Emphasis added.)  The Court further **RECOMMENDS** that the District Court order Plaintiff, in the

event he chooses to file a second amended complaint, to comply strictly with the requirements of Local

Civil Rule 8.2, which provides in pertinent part:

> "Complaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, shall be legibly written or typewritten on forms supplied by the court and signed by the plaintiff complainant. The forms shall be completed in accordance with the instructions provided with the forms. The complaint shall contain a short and plain statement of the claim and each averment shall be simple, concise, and direct. Additional pages not to exceed fifteen (15) in number may be included with the court approved form provided the form is completely filled in to the extent applicable in the particular case. The court approved form and any additional pages submitted shall be written or typed on only one side of a page and the writing or typewriting shall be no smaller in size than standard elite type.  Complaints tendered to the clerk for filing which do not comply with this rule may be returned by the clerk, together with a copy of this rule, to the person tendering said complaint."

### CONCLUSION

Based on the foregoing reasons, the Court **RECOMMENDS** that:

1.       Defendants' Motion to Dismiss be **GRANTED**;

2.       Defendants' Motion for a More Definite Statement be **DENIED** as moot; and,

3.       Plaintiff be **GRANTED** leave to amend <u>only with respect to his First amendment</u>

<u>retaliation claim and his Eighth amendment failure to protect claim</u>, and in the event

15

Plaintiff files a second amended complaint, that Plaintiff be ordered to comply with the pleading  requirements of Federal Rule of Civil Procedure 8 and Local Civil Rule 8.2.

This report and recommendation of the undersigned Magistrate Judge is submitted pursuant to 28 U.S.C. § 636(b)(1)  to the United States District Judge assigned to this case.

**IT IS HEREBY ORDERED** that no later than ***December 4, 2006*** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***December 15, 2006.***  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  November 6, 2006

Hon. Nita L. Stormes
U.S. Magistrate Judge