UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE DANIELS,<br><br>        Plaintiff,<br><br>v.<br><br>KUZIL RUAN, *et al.*,<br><br>        Defendants. | Civil No. 05-CV-922-L(NLS)<br><br>**ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S DECISION [doc. #109]** |

On April 29, 2005, Bobby Joe Daniels ("plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violation of his constitutional rights under 42 U.S.C. § 1983. Currently pending in this action is defendants' motion to dismiss the amended complaint. The magistrate judge issued a Report and Recommendation on November 6, 2006 with respect to the motion to dismiss. Objections to the Report and Recommendation are due on December 4, 2006.

On October 27, 2006, plaintiff filed a request for leave to depose two staff witnesses [doc. #104]. In November 6, 2006, the magistrate judge denied plaintiff's request on the basis that discovery was premature because of the pending motion to dismiss the amended complaint. Plaintiff has filed an objection to the Order denying his request for leave to depose. Having carefully considered plaintiff's arguments, the record in this case, and the magistrate judge's Order, the Court affirms the decisions of the magistrate judge and overrules plaintiff's objections for the reasons set forth below.

**1.     Standard of Review**

A party may object to a non-dispositive pretrial order of a magistrate judge within ten days after service of the order. FED. R. CIV. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*;  28 U.S.C. § 636(b)(1)(A); *Computer Economics, Inc., v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error);  *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters reviewable for clear error under Rule 72(a)).   Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  Issues related to appointment of counsel order are deemed nondispositive, and thus the magistrate judge's determination of such matters is entitled to deference unless it is clearly erroneous or contrary to law. 28 U.S.C.A. § 636(b)(1)(A);  FED. R. CIV. P. 72(a)

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge.  *See, e.g., Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) (Brewster, J.) ("Section 636(b)(1) ... has been interpreted to provide for *de novo* review by the district court on issues of law.");   12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 3069 at 350 & 355 (2d ed. 1997).   Accordingly, the district court exercises its independent judgment with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994).

**2.     Discussion**

Plaintiff contends that he is entitled to this discovery and he is being hampered in prosecuting the case by not being permitted to depose staff members.  Plaintiff fails to

1 understand that the magistrate judge is not preventing plaintiff from litigating his action by
2 denying his motion as premature based on the procedural posture of the case.  Federal Rule of
3 Civil Procedure provides that the parties may not seek discovery from any source before the
4 Court issues a scheduling order regulating discovery and all other pretrial proceedings.  *See*
5 Federal Rule of Civil Procedure 26(d).  Here, defendants' motion to dismiss the amended
6 complaint must be decided **prior to** a scheduling order being issued.  After determining the
7 merits of defendants' motion, if any of plaintiff's claims remain, and answer will be required and
8 the magistrate judge will issue a scheduling order and discovery will be permitted to commence.
9 Until that time, discovery is premature and may not begin.

10 Although plaintiff is appearing without counsel, he is required to be aware of the Federal
11 Rules of Civil Procedure and the Civil Local Rules of this Court and to not file frivolous
12 objections which burden the court.  Plaintiff's objection to the magistrate judge's Order denying
13 his request for leave to depose staff witnesses is wholly without merit and does not address the
14 legal and factual reasoning presented by the magistrate judge in her order.  In objecting to the
15 magistrate judge's order, plaintiff did not take into account that the order specifically noted that
16 discovery requests **at this time are premature and do not foreclose discovery at a later time**
17 when such requests might be timely and/or appropriate.

18 Because the magistrate judge reviewed plaintiff's request, the applicable law, and the
19 relevant facts as presented by plaintiff, the Court finds no error on the part of the magistrate
20 judge in denying plaintiff's request for leave to depose two staff witnesses.  Accordingly,
21 because the magistrate judge's decision was neither clearly erroneous nor contrary to law,
22 plaintiff's objection must be overruled.

23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

Based on the foregoing, **IT IS ORDERED** overruling plaintiff's objection to the magistrate judge's Order denying plaintiff's motion to depose two staff witnesses..

**IT IS SO ORDERED.**

DATED: November 27, 2006

                                                   M. James Lorenz
                                                   United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL