UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE DANIELS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KUZIL RUAN, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Civil No. 05-CV-922-L(NLS) <br><br> **ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S DECISION [doc. #129]** |

On April 29, 2005, Bobby Joe Daniels ("plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violation of his constitutional rights under 42 U.S.C. § 1983. On April 13, 2007, Plaintiff filed an objection [doc. #129] to the magistrate judge's most recent denial of plaintiff's motion for appointment of counsel [doc. #127].

**1.    Standard of Review**

A party may object to a non-dispositive pretrial order of a magistrate judge within ten days after service of the order. FED. R. CIV. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id*.;  28 U.S.C. § 636(b)(1)(A); *Computer Economics, Inc., v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction

award are reviewable for clear error); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters reviewable for clear error under Rule 72(a)).   Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  Issues related to appointment of counsel order are deemed nondispositive, and thus the magistrate judge's determination of such matters is entitled to deference unless it is clearly erroneous or contrary to law. 28 U.S.C.A. § 636(b)(1)(A);  FED. R. CIV. P. 72(a)

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge.  *See, e.g., Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) (Brewster, J.) ("Section 636(b)(1) ... has been interpreted to provide for *de novo* review by the district court on issues of law.");   12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 3069 at 350 & 355 (2d ed. 1997).   Accordingly, the district court exercises its independent judgment with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994).

**2.   Discussion**

In plaintiff's most recent motion for appointment of counsel,[1] he asserts that he is entitled to appointment of counsel and he is being hampered in prosecuting his case by being required to litigate his 42 U.S.C. § 1983 action without legal representation.  Plaintiff notes that he is "being forced to practice law" and "these restrictions are punitive and discriminatory against plaintiff as the attorney of record." (Obj. at 2).  Plaintiff also contends that he "objects to magistrate judge disregarding plaintiff issues and discriminatory treatment.  Bias and prejudices directed at the plaintiff Daniels." (Obj. at 4-5).

---

[1] Plaintiff has filed five motions for appointment of counsel and a motion for reconsideration of the denial of his motion for appointment of counsel. *See* docket nos. 9, 17, 34, 63, 85 and 34.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298, 109 S. Ct. 1814 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir.1990).

Plaintiff contends he meets the exceptional circumstances standard because his case is complex and he is unable to meet the professional standards that are expected of him. Most *pro se* litigants believe that their cases are complex, that they lack the legal skills necessary for litigation and most all prisoners find that their access to law libraries is limited. But this is not the standard for finding the required exceptional circumstances necessary to request assistance of counsel. A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Cook*, 718 F.2d 952, 954 (9th Cir. 1983).

Even assuming plaintiff is not well-versed in the law and he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional and is similar to hundreds of other actions filed by prisoners. Failure to appoint counsel will not result in "fundamental unfairness" based on the questionable merit of plaintiff's claims as reflected in the dismissals of plaintiff's original and first amended complaint. Moreover, plaintiff has demonstrated in this litigation a level of competence quite sufficient to proceed in this matter *pro se*.

Finally, there has been no showing of bias or prejudice directed at plaintiff by the magistrate judge's rulings notwithstanding plaintiff's beliefs to the contrary. The denial of a motion does not demonstrate bias or prejudice.

Because the magistrate judge carefully reviewed plaintiff's request, the applicable law, and the relevant facts as presented by plaintiff, the Court finds no error on the part of the magistrate judge in denying plaintiff's motion for appointment of counsel. Accordingly, because

1  the magistrate judge's decision was neither clearly erroneous nor contrary to law, plaintiff's
2  objection must be overruled.
3     Based on the foregoing, **IT IS ORDERED** overruling plaintiff's objection [doc. #129] to
4  the magistrate judge's Order denying plaintiff's motion for appointment of counsel.
5     **IT IS SO ORDERED.**
6  DATED: April 16, 2007

M. James Lorenz
United States District Court Judge

9  COPY TO:
10 HON. NITA L. STORMES
   UNITED STATES MAGISTRATE JUDGE
12 ALL PARTIES/COUNSEL