UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOBBY JOE DANIELS, | ) | Civil No. 05cv922-L (NLS) |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF U.S. MAGISTRATE JUDGE RE:** |
| | ) | **DEFENDANTS' MOTION TO DISMISS** |
| KUZIL RUAN, et al., | ) | **PLAINTIFF'S SECOND AMENDED** |
| | ) | **COMPLAINT** |
| Defendants. | ) | |
| | ) | [Doc. No. 131] |

Plaintiff Bobby Joe Daniels, proceeding *pro se*, has filed a Second Amended Complaint pursuant to 42 U.S.C. §1983, in which he alleges that various officials at Calipatria State Prison violated his First, Eighth, and Fourteenth amendment rights [Doc. No. 117]. Before the Court is Defendants' Motion to Dismiss the Second Amended Complaint [Doc. No. 131] and Plaintiff's Opposition thereto [Doc. No. 133]. Defendants argue that Plaintiff fails to state any claim upon which relief could be granted, and therefore his Second Amended Complaint should be dismissed in its entirety. For the reasons outlined below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss [Doc. No. 131] be **GRANTED** and Plaintiff's Second Amended Complaint be **DISMISSED**.

/ / /

/ / /

/ / /

/ / /

/ / /

## BACKGROUND

### 1. Relevant Procedural History

On September 13, 2006, Plaintiff filed an Amended Complaint, re-alleging several claims contained in his original complaint, and alleging new claims. Plaintiff's claims included the following: (1) an Eighth Amendment excessive force claim; (2) two Fourteenth Amendment due process claims; (3) a First Amendment retaliation claim; (4) an Eighth Amendment deliberate indifference claim; and (5) an Eighth Amendment failure to protect claim. (*See Amended Complaint*, Doc. No. 87.) Defendants filed a Motion to Dismiss the Amended Complaint for failure to state any cognizable claim upon which relief could be granted [Doc. No. 92]. On November 6, 2006, this Court issued a Report recommending to the presiding District Judge that Defendants' Motion to Dismiss be granted, Plaintiff's Amended Complaint be dismissed, and Plaintiff be granted leave to file a Second Amended Complaint [Doc. No. 106]. This Court further recommended that Plaintiff be granted leave to amend only with respect to his First amendment retaliation claim and his Eighth amendment failure to protect claim. Plaintiff was cautioned that in the event he chose to file a second amended complaint, that he would be required to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and Local Civil Rule 8.2.[1] (*See November 6, 2006 Report and Recommendation by Magistrate Judge Nita L. Stormes*, 15-16.) On December 12, 2006, the presiding District Judge adopted this Court's Report and Recommendation in its entirety, and Plaintiff's Amended Complaint was dismissed with leave to amend only with respect to the retaliation and failure to protect claims [Doc. No. 111].

On January 22, 2007, Plaintiff filed his Second Amended Complaint [Doc. No. 117]. The complaint is nineteen handwritten pages, to which approximately 105 pages of affidavits and exhibits are attached in support. In compliance with the Court's December 12, 2006 Order, Plaintiff re-alleges his retaliation claim and his failure to protect claim. Plaintiff also re-alleges his due process claims,

---

[1] Local Civil Rule 8.2 provides in pertinent part: "Complaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, shall be legibly written or typewritten on forms supplied by the court and signed by the plaintiff complainant. The forms shall be completed in accordance with the instructions provided with the forms. The complaint shall contain a short and plain statement of the claim and each averment shall be simple, concise, and direct. Additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled in to the extent applicable in the particular case. The court approved form and any additional pages submitted shall be written or typed on only one side of a page and the writing or typewriting shall be no smaller in size than standard elite type. Complaints tendered to the clerk for filing which do not comply with this rule may be returned by the clerk, together with a copy of this rule, to the person tendering said complaint."

which were previously dismissed without leave to amend. Plaintiff does not allege any new claims, but does allege claims against one defendant not previously named and not a party to this suit.[2] Currently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety, filed on behalf of the five named defendants in this lawsuit.[3] Defendants argue that Plaintiff fails to state facts sufficient to constitute a cause of action under 42 U.S.C. § 1983 for a First, Eighth, or Fourteenth Amendment violation. (*Defendants' Memorandum in Support of Motion to Dismiss ("Memorandum")*, 2.) Plaintiff filed an Opposition to the Motion to Dismiss, along with supporting affidavits and exhibits. (*See Plaintiff's Opposition*.)

**2.    Relevant Facts of the Case**

Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the Second Amended Complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Plaintiff is an inmate committed to the custody of the California Department of Corrections, and is currently housed at Corcoran State Prison in King County, California. Plaintiff's Second Amended Complaint ("SAC" hereinafter) includes various claims of constitutional violations by Defendants, all of which are related to an incident that occurred at Calipatria State Prison on August 17, 2003. On that date, prison officials transferred Plaintiff to administrative segregation because of his suspected involvement in the stabbing of another inmate and the recovery by prison officials of contraband weapons in Plaintiff's toilet. (*SAC* ¶ 11.) Subsequent to a disciplinary hearing, Plaintiff was found guilty of possession of an inmate manufactured weapon, and he was assessed a fifteenth month term in a segregated housing unit. (*Id*. ¶¶ 15.) Plaintiff states that his prolonged term in the segregated housing unit resulted in detrimental psychological side effects of the type that occur due to prolonged confinement in isolation. (*Id*. ¶ 11.)

In the SAC, Plaintiff re-alleges several of his former claims. Plaintiff first claims that he was denied an impartial administrative hearing in violation of due process because prison staff purposely

---

[2] Correctional Officer Avalia. (*Second Amended Complaint* ¶ 19.)

[3] Kuzil Ruan, T. Ochoa, M Bournland, R Madden, and Rick Manuel.

deleted evidence favorable to Plaintiff from the record of the stabbing incident. (*Id*. ¶¶ 11-16, 20.) Plaintiff's second claim is that Defendants transferred him from Calipatria State Prison to a segregated housing unit at Tehachapi in retaliation for presenting the warden with exculpatory evidence, exercising his constitutional rights, using the prison administrative appeals process, for exposing dishonesty of the prison staff, and for refusing to act as an informant. (*Id*. ¶¶ 14-16.) Finally, Plaintiff alleges that his transfer to a segregated housing unit at Tehachapi placed him in danger because one of his enemies was housed there as well in violation of the Eighth Amendmentl. (*Id*. at 38, ll.14-21.)

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims. *See* Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff will ultimately prevail, but solely whether he has stated a claim upon which relief could be granted. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Thompson*, 295 F.3d at 895; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). This rule of liberal construction is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Generally, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**1.    Due Process Claims**

Plaintiff re-alleges that Defendants Madden, Ruan, Bourland, and Manual committed numerous due process violations stemming from circumstances surrounding the disciplinary hearing that resulted in his fifteen month placement in administrative segregation.[4] (*SAC* ¶¶ 11-12; 13; 14-16; 20.) The

---

[4] Plaintiff also alleges due process violations by a newly named Defendant Avalia, a correctional officer at the prison where he was held in segregation. (*SAC* ¶ 19.) The Court's docket does not reflect that Avalia has ever been served pursuant to Fed. R. Civ. P. 4(m). Thus, the Court retains no personal jurisdiction over this purported defendant and he or she is not a proper party to the action. *See* FED. R. CIV. P. 4(m) (defendants must be served within 120 days after the filing of the

Court previously dismissed Plaintiff's due process claims as to all defendants without leave to amend. (*See January 27, 2006 Report & Recommendation by Magistrate Judge Nita L. Stormes*, 12; *see March 9, 2006 Order by District Judge M. J. Lorenz adopting the Report & Recommendation in Its Entirety*; *see November 6, 2006 Report & Recommendation by Magistrate Judge Nita L. Stormes*, 15; *see December 12, 2006 Order by District Judge M. J. Lorenz adopting the Report & Recommendation in its Entirety*.) Accordingly, pursuant to the District Court's March 9, 2006 Order [Doc. No. 69] and December 12, 2006 Order [Doc. No. 111], Plaintiff is not granted leave to file these claims as to any defendants.

### 2. First Amendment Retaliation Claim

Plaintiff once again alleges that his transfer from Calipatria State Prison to a segregated housing unit at Tehachapi prison was retaliation by various Defendants for using the prison administrative appeals process to challenge the results of his disciplinary hearing. (*SAC* ¶¶ 14, 16, 20.) Specifically, Plaintiff states:

> "Plaintiff exercise his First Amendment rights to redress his grievance to that governmental body at that prison. Instead of a positive result, Plaintiff was transfer [sic] to a prison that Plaintiff had 3 documented enemies. Plaintiff wrote a [sic] emergency appeal and this appeal was rejected, screen out to prevent Plaintiff from exercising his rights that was due [sic]." (*Id*., 10, ll.2-12.)

> "Defendants wrongdoing was un-covered by Plaintiff and Plaintiffs was transfer [sic] to silence his voice which placed Plaintiff at risk." (*Id*., 11, ll.19-21.)

> "Plaintiff spent over 345 days in confinement (. . .) this was done as a punishment, retaliation for exercising constitutional protected rights." (*Id*., 12, ll.3-13.)

> "The reasons for Plaintiff's transfer was for exercising his appeal rights and Plaintiff communication with I.C.C. Head Chair person Defendant T. Ochoa on 1-15-04 Plaintiff was not on the transfer list until someone added Plaintiff name on the list. This was retaliation because Plaintiff ad seg property was placed inside another prison's property deliberately to cause Plaintiff harm." (*Id*., 14, ll.2-24.)

Defendants argue in response that these allegations are insufficient to support a claim for retaliation. (*Defendants' Memorandum*, 5.) Defendants claim that Plaintiff has not alleged Defendants' actions actually chilled his First amendment rights, since he proceeded successfully with his administrative grievances and has been able to litigate this lawsuit uninhibited. (*Id*. at 6.) Defendants

---

complaint). Plaintiff's Second Amended Complaint was filed on January 22, 2007, and thus, the 120 days permitted to execute service has elapsed.

also argue that Plaintiff fails to allege that his placement in administrative segregation did not further a legitimate penological interest, since it was the result of a 115 Serious Rules Violation guilty finding. (*Id.*)

Prisoners have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner's pursuit of legal actions is protected by the First Amendment. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

The crux of Plaintiff's allegations is that Defendants transferred him to the administrative segregation unit at Tehachapi, a prison where other inmates were his documented enemies, because he chose to utilize the administrative grievance appeals process to challenge the results of his disciplinary hearing. However, Plaintiff's transfer to administrative segregation resulted from his being found guilty of possession of an inmate manufactured weapon. Defendants are correct when they assert that such a decision is a legitimate correctional goal. *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir. 1986). More importantly, Plaintiff once again fails to allege facts sufficient to satisfy the fourth prong of a retaliation claim, that Defendants' actions had a *chilling* effect on the exercise of his First amendment rights. Plaintiff's allegations do not comprise the basis for a cognizable retaliation claim. Plaintiff has not demonstrated that Defendants' actions impeded or in anyway adversely impacted his access to and use of the prison's administrative grievance procedure, or his ability to file and pursue the current litigation.

Even if Defendants orchestrated Plaintiff's transfer as a "punishment" for appealing his guilty finding and placement in administrative segregation, as Plaintiff claims, this fact alone does not constitute a retaliation claim under the First Amendment. Plaintiff's most cogent argument in this respect is where he claims in his Second Amended Complaint that he "wrote a [sic] emergency appeal and this appeal was rejected, screen out to prevent Plaintiff from exercising his rights that was due [sic]." (*SAC*, 10, ll.2-12.) To support this argument, Plaintiff attached copies of multiple

Inmate/Parolee Appeals Screening Forms to his Second Amended Complaint that demonstrate on several occasions Plaintiff's CDC 602 appeal forms were "screened out" in the screening process for being untimely or for being incorrectly filled out. (*Id*., pp.37-57.) However, at least one of the appeals was accepted through the screening process, and in each instance when an appeal was rejected, the appeal processor instructed Plaintiff specifically on how to correct the appeal if possible in order to re-submit the appeal. (*See Id*.) Plaintiff also attached evidence that his appeals, when they survived screening, were processed and acted upon by prison officials through multiple levels of review. (*Id*., pp. 77-85.) Therefore, Plaintiff has not alleged Defendants' actions prevented or in anyway "chilled" his exercise of his First amendment rights.           Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' motion and **DISMISS** Plaintiff's First amendment retaliation claims as to all Defendants.

### 3.      Eighth Amendment Failure to Protect Claim

Plaintiff also re-alleges that Defendants violated his Eighth Amendment rights when they transferred him to a segregated housing unit at Tehachapi where three of his documented enemies were housed, thus placing him in grave danger. (*SAC* ¶¶ 17-18, 20.) Specifically, Plaintiff states:

> "Defendant T. Ochoa misinterpretation of policy placed Plaintiff physical health and mental health at risk." (*Id*., 13, ll.12-14.)
>
> "Defendant Manuel was not a responsible appeal reviewer because Defendants placed Plaintiff safety at risk by this transfer. Confidential information existed in Plaintiff c-file that would of rescinded this transfer because Plaintiff life [sic] was already placed at risk at Sat f facility [sic] (. . .) Defendants are not held to their ethical standards any more. Human error caused lives to be placed at risk at that [sic] is a [sic] Eighth Amendment violation 3378 critical case information was violated. Plaintiff had 3 documented enemies not two as C.S.R. stated. Still Plaintiff should not been sent to Tehachapi SHU. Should of went to Pelican Bay prison. Plaintiff had only one documented enemy there." (*Id*., 17-18.)

Defendants argue that Plaintiff has failed to state a viable Eighth Amendment claim because he has not alleged that any of the Defendants possessed the requisite state of mind of deliberate indifference. (*Defendants' Memorandum*, 6.)

Although the Constitution does not require comfortable prisons, "neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Thus, prison officials must take reasonable measures to protect inmates from serious risks to their health and safety. *Id.* at 837; *Helling*

*v. McKinney*, 509 U.S. 25, 33-34 (1993) (applying Eighth Amendment to claim regarding "the health risk posed by involuntary exposure of a prison inmate to environmental tobacco smoke"). A prisoner alleging an Eighth Amendment violation based on a prison official's failure to prevent harm must demonstrate that the harm was "objectively, 'sufficiently serious,'" and that the official had a culpable state of mind described as "deliberate indifference." *See Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent when the official has actual, subjective knowledge of an excessive risk of harm to the prisoner's safety and fails to prevent it. *Id.* at 837-39.

Thus, to state an Eighth Amendment claim, an inmate must allege facts sufficient to show that: (1) conditions presented a substantial risk of serious harm (objective element); and (2) the defendant possessed a sufficiently culpable state of mind (subjective element). *Id.* at 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). As for the objective element, a substantial risk of serious harm exists only when a "prison official's act or omission . . . result[s] in denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 33-34 (discussing prisoners' Eighth Amendment right to be free from life-threatening conditions). As for the subjective element, an official can be held liable only if he is "deliberately indifferent," i.e., that he or she (1) was aware of facts from which a substantial risk of serious harm can be inferred, and (2) actually drew that inference. *Farmer*, 511 U.S. at 837; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

The objective element of the Eighth Amendment inquiry seeks to determine whether the deprivation was sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Helling*, 509 U.S. at 35. Defendants argue that Plaintiff's claim fails in the first instance because he does not allege that he has sustained sufficient injuries. (*Defendants' Memorandum*, 7.) The Court agrees that a thorough review of Plaintiff's Second Amended Complaint, as well as the documents attached in support, fail to reveal any factual demonstration that Plaintiff suffered any injury as a result of his transfer to Tehachapi's administrative segregation unit. Although Plaintiff alleges that the transfer placed him at "risk" and in "danger" because of the proximity of some of his enemies, he states no facts sufficient to demonstrate that he was injured, assaulted, or otherwise left unprotected by prison officials, at any time while he was housed at Tehachapi.

Even if Plaintiff's allegations were sufficient to satisfy the first prong of the Eighth Amendment inquiry, the second prong, or subjective element, requires a showing that Defendants acted with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 837. Deliberate indifference is evaluated in this context by considering "whether, in allegedly exposing the prisoner to danger, the defendant prison official(s) were guided by considerations of safety to other inmates, whether the official(s) took 'prophylactic or preventive measures' to protect the prisoner, and whether less dangerous alternatives were in fact available." *Berg v. Kincheloe*, 794 F.2d 457, 462 (9th Cir. 1986) (citation omitted).

Plaintiff has failed to offer evidence to support a finding that any of the named defendants acted with deliberate indifference. Plaintiff makes vague statements in his Second Amended Complaint, *supra*, that seem to indicate his transfer to the Tehachapi segregated housing unit put his safety at risk by placing him in close proximity to three "documented enemies" also housed at Tehachapi at the time of his transfer. (*SAC*, 17, ll.13-28.) However, these statements are insufficient to state a cognizable claim for failure to protect under the Eighth amendment. Plaintiff states no facts to demonstrate that prison officials were aware that a transfer would specifically place him at risk.

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Eighth amendment failure to protect claim as to all Defendants for failure to state a claim upon which any relief can be granted.

### 4. Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988), quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) and *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980). "[B]efore dismissing a *pro se* civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." *Karim-Panahi*, 839 F.2d at 624, citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Noll*, 809 F.2d at 1448-49.

In this case, Plaintiff has been advised previously of the deficiencies in his complaint, and he has

had an opportunity to amend all of his claims at least once, if not multiple times. It seems unlikely at this stage in the litigation of this case that Plaintiff could add sufficient facts to his complaint and/or attach the appropriate documentation necessary to state cognizable civil rights claims for retaliation and failure to protect. Therefore, the Court **RECOMMENDS** that the Plaintiff's Second Amended Complaint be dismissed with prejudice and without leave to amend.

## CONCLUSION

Based on the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** in its entirety, and Plaintiff's Second Amended Complaint be **DISMISSED** with prejudice and without leave to amend. This report and recommendation of the undersigned Magistrate Judge is submitted pursuant to 28 U.S.C. § 636(b)(1) to the United States District Judge assigned to this case.

**IT IS HEREBY ORDERED** that no later than *July 13, 2007* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *July 27, 2007.* The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: June 14, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge