UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE DANIELS,<br><br>          Plaintiff,<br><br>v.<br><br>KUZIL RUAN, *et al.*,<br><br>          Defendants. | Civil No. 05-CV-922-L(NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; OVERRULING OBJECTIONS; GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [doc. # ]; DIRECTING ENTRY OF JUDGMENT** |

On April 29, 2005, Bobby Joe Daniels ("plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violation of his constitutional rights under 42 U.S.C. § 1983. After the Court granted defendants' motion for judgment on the pleadings [doc. #69], plaintiff filed a First Amended Complaint ("FAC"). Defendants filed a motion to dismiss the FAC that the magistrate judge recommended be granted along with leave to amend as to plaintiff's first amendment retaliation claim and his eighth amendment failure to protect claim only. The Court adopted the Report.

Plaintiff then filed a Second Amended Complaint ("SAC") that defendants move to dismiss. The magistrate judge filed a Report with respect to the SAC that recommends dismissal

of plaintiff's claims[1] with prejudice and without leave to amend.

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S. Ct. 238 (2003).

**First Amendment Retaliation Claim**

As noted in the Report, plaintiff asserts that he was subjected to retaliation in the form of a transfer from Calipatria State Prison to Tehachapi prison's segregated housing unit. The retaliation allegedly was in response to plaintiff's attempt to exercise his right to an appeal of a disciplinary hearing.

A stabbing incident occurred at Calipatria State Prison on August 17, 2003. Plaintiff was suspected of involvement in the stabbing and a contraband weapon was found in plaintiff's toilet. He was transferred to administrative segregation during the investigation. A disciplinary hearing was conducted and plaintiff was found guilty of possession of an inmate-manufactured weapon. He was given a 15-month term in a segregated housing unit at6 Tehachapi.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)(citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000)).

As both the defendants and the magistrate judge noted, plaintiff has failed to allege that his First Amendment rights were chilled. Indeed, plaintiff filed administrative grievances and has litigated this action vigorously with respect to his transfer to segregated housing.

---

[1] In the SAC, plaintiff re-alleges a due process violation that was dismissed with prejudiced previously. Accordingly, the Court does not address any due process violations in this Order.

Further, plaintiff has not objected to his transfer as being a legitimate correctional goal under the factual situation here. Although plaintiff disagrees that he was involved in the underlying actions that resulted in his transfer, he does not argue that prison officials permit the transfer of prisoners to more restrictive housing conditions when wrongful activities on the part of inmates are shown after a hearing on the activities has taken place. Plaintiff was found guilty of possessing an inmate-manufactured weapon. Therefore, plaintiff's transfer was made as a legitimate penological goal.

Because plaintiff cannot allege a First Amendment retaliation claim, this claim will be dismissed with prejudice and without leave to further amend the complaint.

### 2. **Eighth Amendment failure to protect**

Plaintiff alleges his transfer to segregated housing placed him in danger because that particular housing unit at Tehachapi also housed three of plaintiff's documented enemies.

As the magistrate judgment correctly noted, "[p]rison officials have a duty . . . to protect prisoners from violence.'" *Farmer v. Brennan*, 114 S. Ct. 1970, 1976-77 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.)), *cert. denied*, 488 U.S. 823 (1988); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1979; *Wilson*, 501 U.S. at 302-303.

Thus, a prisoner can state a section 1983 claim against prison personnel under the Eighth Amendment by establishing that the prison personnel acted with "deliberate indifference" in creating the condition that violates the Eighth Amendment. *See Leer*, 844 F.2d at 633; *Berg*, 794 F.2d at 459. The "deliberate indifference" standard requires proving some degree of "individual culpability," but does not require proof of an express intent to punish. *Id.,* citing *Haygood*, 769 F.2d at 1354-55.

In his objections plaintiff contends that the magistrate judge is biased and has turned a

blind eye to his claim that he was in danger with his transfer to Tehachapi.  But plaintiff fails to allege any facts that call into question the level of protection that he was provided during his incarceration at Tehachapi.  It is undisputed that he suffered no injuries or assaults while in the segregated housing unit.

Moreover, plaintiff has not set forth any facts to show that the named defendants acted with deliberate indifference to his safety.  Although plaintiff contends that defendants knew of the three enemies plaintiff had at Tehachapi, plaintiff makes no allegation that defendants placed plaintiff with his enemies or that defendants acted to place him in danger.  Plaintiff does not assert a causal connection between the alleged danger to plaintiff's safety and defendants' actions in transferring plaintiff to a segregated housing unit.

Plaintiff's objections are overruled.  Plaintiff has been given two opportunities to allege facts that show an Eighth Amendment violation on failure to protect plaintiff.  Further amendment would be futile.  Accordingly, the Court adopts the Report and dismisses with prejudice plaintiff's Eighth Amendment claim without leave to amend.

## Conclusion

Having carefully reviewed *de novo* the Report, the motion papers, and plaintiff's objections, the Court finds that the magistrate judge has submitted a thorough and well-reasoned analysis of plaintiff's claims and the law as it is applied to a motion to dismiss.  Plaintiff's objections do not provide any basis for denying defendants' motion.   Based on the foregoing, the Report and Recommendation is **ADOPTED** in its entirety [doc. #134]; plaintiff's objections to the Report are **OVERRULED** [doc. #135]; defendants' motion to dismiss the second amended complaint is **GRANTED** with prejudice [doc. #131].  The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: September 2, 2008

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. NITA L. STORMES
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL